SO ORDERED: March 30, 2020.



_____
**James M. Carr
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TERRANCE LAMAR DENSON, ) | Case No. 19-00070-JMC-13 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| KERRIE MICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 19-50014 |
| ) | |
| TERRANCE LAMAR DENSON, ) | |
| ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER comes before the Court for a bench trial on October 28, 2019. Plaintiff Kerrie Michael f/k/a Kerrie Walker-Riley ("Michael") appeared by counsel Andrea L. Ciobanu. Defendant Terrance Lamar Denson ("Debtor") appeared *pro se*.

The Court, having reviewed the evidence admitted at the trial, and the other matters of record in this adversary proceeding; having weighed the credibility of the witnesses; having

heard the presentations of Debtor and counsel for Michael at the trial; and being otherwise duly advised, announced at the conclusion of the trial that Michael had sustained her burden to prove that the debt owed by Debtor to Michael is excepted from discharge pursuant to 11 U.S.C. § 1328(a)(4).  The Court now enters the following findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052.

### Findings of Fact

In making these Findings of Fact, the Court is guided by the legal principles of default, default judgment and *res judicata*.

> As a general rule, a default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.  …  Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.
> …
> Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not.  …  A judgment by default may not be entered without a hearing on damages unless … the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.

*Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (internal citations and quotation marks omitted).  The party in default cannot contest liability unless the entry of default is vacated under Fed. R. Civ. P. 55(c), as applicable in bankruptcy adversary proceedings under Fed. R. Bankr. P. 7055.  *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

Under the doctrine of *res judicata*, the Court cannot allow the parties to relitigate the claims and issues decided in the District Court case.  As discussed at trial, the Court is only deciding whether Debtor's actions, established by default in the District Court case, meet the standard for nondischargeability under § 1328(a)(4).

1. On January 7, 2019, Debtor filed a voluntary petition under chapter 13 of

the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"),[1] in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division.

2. On March 4, 2014, prior to Debtor's filing his bankruptcy petition, Michael filed a *Complaint for Damages and Demand for Jury Trial* (the "District Court Complaint") in the United States District Court for the Southern District of Indiana (the "District Court"), alleging claims of battery, assault, intentional infliction of emotional distress, and civil rights violations. Michael alleged that Debtor, while a correctional officer at Indiana's Women's Prison, had, amongst other things, directly ordered her to expose her naked buttocks, licked her ear, made her expose her vagina, and grabbed and squeezed her buttocks, all without Michael's consent. Michael alleged those actions were not necessary to maintain security or for any penological reason.

3. On November 10, 2014, the Clerk of the District Court entered default pursuant to Fed. R. Civ. P. 55(a) after Debtor had failed to answer or otherwise respond to the District Court Complaint. Upon default, the factual allegations in the District Court Complaint were deemed true, and Debtor's liability for the claims of battery, assault, intentional infliction of emotional distress, and civil rights violations was established.

4. Michael subsequently moved the District Court for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). On March 23, 2016, Debtor appeared *pro se* before the District Court at the default judgment hearing and attempted to contest liability. This was the first time Debtor had participated in the case before the District Court. The District Court explained that Debtor's liability for Michael's allegations had been

---

[1] All statutory references hereinafter are to the Bankruptcy Code unless otherwise noted.

established upon the Clerk's entry of default and that the hearing was to determine damages only.

5.   On April 26, 2016, the District Court awarded Michael $25,000, consisting of $20,000 in compensatory damages and $5,000 in punitive damages (the "Debt").  The District Court did not allocate any portion of the Debt to any of Michael's specific claims.  Debtor testified that a portion of the Debt has been paid via garnishment.

6.   On February 4, 2019, Michael filed the *Complaint to Determine Dischargeability of Debt* (Docket No. 1) initiating this adversary proceeding, wherein Michael alleged that the Debt owed by Debtor to Michael is nondischargeable pursuant to § 523(a)(6).  On July 29, 2019, Michael filed the *Amended Complaint to Determine Dischargeability of Debt* (Docket No. 28), wherein Michael asserted that the Debt is nondischargeable pursuant to § 1328(a)(4), rather than § 523(a)(6).

## Conclusions of Law

1.   Any finding of fact above will also be a conclusion of law, and any conclusion of law will also be a finding of fact to support the judgment of the Court.

2.   Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334 and 157.

3.   This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4.   Venue is proper in this matter pursuant to 28 U.S.C. §§ 1408 and 1409.

5.   Exceptions to discharge "are to be [construed] strictly against a creditor and liberally in favor of the debtor."  *See Goldberg Sec., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985)).  "The burden is on the objecting creditor to prove exceptions to discharge." *Id.* (citation omitted).  The burden of proof required is a preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

6. Section 1328(a)(4) excepts from discharge any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." Courts have addressed three separate issues relating thereto: (1) whether the award must be granted prepetition; (2) the definitions of "willful" or "malicious"; and (3) what constitutes a "personal injury." *E.g.*, *Waag v. Permann (In re Waag)*, 418 B.R. 373, 377 (B.A.P. 9th Cir. 2009); *B.B. v. Grossman (In re Grossman)*, 538 B.R. 34, 44 (Bankr. E.D. Cal. 2015).

7. Under the principles of default, Michael's allegations of Debtor's actions and the injuries resulting from those actions are deemed true.

*Prepetition Award*

8. The Court need not wade into the split among courts as to whether the award must be granted prepetition.[2] In this circumstance, the damages were awarded by the District Court in April 2016, well before the January 7, 2019 petition date.

*"Willful" or "Malicious"*

9. For the purposes of § 1328(a)(4), courts look to the definitions of "willful" and "malicious" in cases under § 523(a)(6). *See Seubert v. Deluty (In re Deluty)*, 540 B.R. 41, 48 (Bankr. E.D.N.Y. 2015) ("Because of the similarity of the statutes, courts use section 523(a)(6) case law to interpret the terms "willful" and "malicious" in section 1328(a)(4)."). However, unlike § 523(a)(6)'s more stringent conjunctive standard, § 1328(a)(4) requires a plaintiff to show that debtor's actions were willful <u>or</u> malicious. Only one need be proven, not both as required by § 523(a)(6). *Id.*

10. "Willfulness requires 'a deliberate or intentional *injury*, not merely a deliberate or

---

[2] *Compare Parsons v. Byrd (In re Byrd)*, 388 B.R. 875 (Bankr. C.D. Ill. 2007) (§ 1328(a)(4) requires a prepetition judgment) *with Buckley v. Taylor (In re Taylor)*, 388 B.R. 115 (Bankr. M.D. Pa. 2008) (§ 1328(a)(4) does not require a prepetition judgment).

intentional *act* that leads to injury.' " *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original)). " 'Willfulness' can be found either if the 'debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury.' " *Id.* (quotation omitted).

11. Maliciousness requires the debtor to act "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (quotation omitted). More recently, the Seventh Circuit reaffirmed its definition of maliciousness from *Thirtyacre* as good law. *Horsfall*, 738 F.3d at 774-75.

12. The Court concludes that Debtor's actions—ordering Michael to expose her buttocks, licking her ear, making her expose her vagina, and grabbing and squeezing her buttocks—were malicious. They were outside the scope of Debtor's duties as a correctional officer and without just cause or excuse.

13. The Court also concludes that Debtor's actions were willful. Debtor's wrongful actions were substantially certain to result in injury to Michael.

*Personal Injury*

14. Injury "is understood to mean a 'violation of another's legal right, for which the law provides a remedy.' " *Horsfall,* 738 F.3d at 774 (quotation omitted). The term "personal injury" is not specifically defined in § 1328(a)(4). "It is not clear, however, whether section 1328(a)(4): (1) refers solely to personal *bodily* injury; (2) includes *non-physical* injury but not business or financial injuries; or (3) includes all injuries insofar as the injury is treated as a personal injury under non-bankruptcy law." *Deluty*, 540 B.R. at 47 (citation omitted and emphasis in original). Several other bankruptcy courts have analyzed and defined the term to include bodily injury and non-physical injuries not associated with property damage, but not

financial injury.  *E.g.*, *Id.*; *Grossman*, 538 B.R. at 41-42; *Adams v. Adams (In re Adams)*, 478 B.R. 476, 485-487 (Bankr. N.D. Ga. 2012).  The Court agrees with the reasoning in these cases and adopts this definition.

15.     Debtor's actions caused personal injury to Michael.  Michael suffered both bodily injury from the non-consensual touching and non-physical injuries from emotional distress.

16.     Michael has met her burden to prove that the Debt should be excepted from discharge pursuant to § 1328(a)(4).  Therefore, the Court concludes that the Debt is excepted from discharge.

## Decision

Based on the foregoing, the Court hereby concludes that the Debt owed by Debtor to Michael is excepted from discharge pursuant to § 1328(a)(4).

The Court will enter judgment consistent with these findings of fact and conclusions of law contemporaneously herewith.

# # #